UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No.  1:04-CR-232

LEWIS JASON ROBERTS,                        Hon. Gordon J. Quist
MICHAEL STEPHEN TOTH,
MARCOS LUIS VIDAL,
BRENT MICHAEL VREELAND, and
BRADLEY JOSEPH HIESTAND,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

        Pursuant to W.D. Mich. LCrR 11.1 and upon a request of the district court, I conducted a felony plea hearing in this matter on March 24, 2005, after receiving the written consent of the defendants, the defendants' attorney, and the attorney for the government.  These consents were also placed on the record in open court.

        Defendants are charged in Count 1 of a many-count Indictment with conspiring to open mail and use stolen identification to commit bank fraud.  In Count 21, defendant Lewis Jason Roberts is also charged with bank fraud.  I reviewed the facts with the defendants which show that they committed the offenses charged.  Briefly stated, those facts show that the defendants conspired to open mail from postal customers' mailboxes to obtain bank account information from checks and to use this and other illicit devices to manufacture counterfeit checks to present to financial

1

institutions (Count 1). Each defendant knowingly committed one or more acts in support of this conspiracy. For example, defendant Roberts used a computer program and printer to prepare counterfeit checks. Defendants Hiestand and Toth cashed fraudulent checks at a bank and a credit union. Defendant Vidal distributed fraudulent checks he obtained from another conspirator to people who would cash them, and defendant Vreeland also unsuccessfully attempted to cash a counterfeit check. Also, on or about October 20, 1999, defendant Roberts forged a stolen blank check in the amount of $8,780.00, making it payable to a name obtained from stolen identification, and gave it to a co-conspirator to cash, after which he received part of the proceeds (Count 21).

On the basis of this record, I found that defendants were competent to enter pleas of guilty and that their pleas were knowledgeable and voluntary with a full understanding of each of the rights waived by the defendants, that the defendants fully understood the nature of the charge and the consequences of their pleas, and that the defendants' pleas had a sufficient basis in fact which contained all of the elements of the offense charged.

I also inquired into the plea agreements. I found the plea agreements to have been knowingly and voluntarily made and found that they fully reflected all of the promises made by the parties.

Accordingly, I accepted the pleas of guilty, subject to final acceptance of the pleas by the District Judge, and I specifically reserved acceptance of the plea agreements for the District Judge. I ordered the preparation of presentence investigation reports, and directed that a transcript of the proceedings be prepared and filed with the Clerk of the Court.

**Recommendation**

Based upon the foregoing, I respectfully recommend that the defendants' pleas of guilty to Count 1 of the Indictment, and Mr. Roberts' additional plea of guilty to Count 21 of the Indictment, be accepted, that the court adjudicate the defendants guilty of the charges, and that the written plea agreements be accepted at, or before, the time of sentencing.

Dated:  May 13, 2005                             /s/ Hugh W. Brenneman, Jr.
                                                 Hugh W. Brenneman, Jr.
                                                 United States Magistrate Judge

**NOTICE TO PARTIES**

You have the right to de novo review by the district judge of the foregoing findings. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten (l0) days after the plea hearing.  See W.D. Mich. LCrR 11.1(b).